IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT MOATS,

          Plaintiff,

v.                              CIVIL ACTION NO. 2:09-cv-00963

BRIAN GREENWOOD and
DAVID BALLARD,

          Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the defendants' Motion to Dismiss Complaint or, in the Alternative, Motion for a More Definite Statement [Docket 13]. For the reasons explained below, this Motion is **GRANTED** in part and **DENIED** in part.

**I. Background**

    A. *Facts of the Case*

On December 8, 2008, Correctional Magistrate Brian Greenwood presided over a disciplinary proceeding concerning the plaintiff, Robert Moats. Moats requested to call Correctional Officer Showwalter as an alibi witness, but Greenwood denied this request. Greenwood found Moats guilty of five violations, which allegedly occurred on the evening of November 29, 2009: (1) escape; (2) tampering with locks and/or doors; (3) destruction of property; (4) violation of state law; and (5) theft of property valued over $100.00. Moats's punishment consisted of punitive segregation, loss of privileges, loss of good time, and restitution.

Moats unsuccessfully appealed the findings to Warden David Ballard and Commissioner Jim Rubenstein.  On April 21, 2009, Moats filed a *pro se* habeas corpus action with the Circuit Court of Fayette County, West Virginia.  By Order of June 3, 2009, the Circuit Court vacated the findings of guilt and sanctions and remanded the case "for further proceedings and/or a new, full hearing in compliance with all [West Virginia Department of Corrections] rules and regulations and constitutional due process requirements."  (Pl.'s Objs. Ex. A [Docket 21, Attach. 1] 4.)  The Circuit Court specified that "[s]uch proceedings shall permit the petitioner to present witness Showwalter on his behalf."  (*Id.*)

Also on June 3, 2009, Commissioner Jim Rubenstein issued a memorandum to Warden David Ballard, stating:  "Upon further review of this matter . . . it would be proper to reverse the . . . charge [of escape], vacate the punishment imposed therein, and restore any good time heretofore forfeited." (Pl.'s Objs. Ex. B [Docket 21, Attach. 2].)  In his Complaint, Moats states that the punishment imposed for the escape charge included loss of 740 days of earned good time.  (Compl. [Docket 6] 7.)

On June 18, 2009, Correctional Magistrate John Drake presided over Moats's remanded disciplinary proceeding.  Drake permitted Moats to call Showwalter, who testified that she could not remember whether she saw Moats on the night in question, because it was so long ago.  Moats was again found guilty of the four remaining charges.

  B.  *The Instant Action*

Moats brought this action under 42 U.S.C. § 1983 on September 2, 2009.  He asserts that the defendants Brian Greenwood and David Ballard deprived him of his procedural due process rights by forbidding him from calling Showwalter as a witness at his disciplinary hearing.  Moats seeks

damages, including punitive damages. He also seeks "injunctive relief in the form of vacating all charges against him, return of his good time credits . . ., vacating restitution, and release from unlawful confinement with a transfer to another institution." (Compl. 10-11.) The defendants argue that Moats has failed to state a claim upon which relief may be granted, or, alternatively, that his Complaint is so vague and ambiguous that the defendants cannot reasonably prepare a response. (Mem. Supp. Mot. Summ. J. [Docket 14] 2.) The issue of qualified immunity has not been addressed.

On May 18, 2010, Magistrate Judge Stanley issued Proposed Findings and Recommendation ("PF&R" [Docket 20]) recommending that this court grant the defendants' Motion to Dismiss. Judge Stanley quoted *Wilkinson v. Dotson,* 544 U.S. 74, 81-82 (2005), for the proposition that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

(PF&R 7-8.) The Supreme Court has based this conclusion on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." *Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973)). Therefore, a prisoner may not challenge his incarceration through a § 1983 suit, unless his conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus."

*Heck*, 512 U.S. at 487. "This mandate is referred to as the 'favorable termination' requirement." *Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

Judge Stanley found that Moats's claim, "if proved, would necessarily imply the invalidity of the revocation of good time credits and punitive segregation meted out as punishment for his crime." (PF&R 8.) She concluded that the relief Moats seeks "must be pursued through a writ of habeas corpus, not in a section 1983 claim," unless Moats can show that "his disciplinary proceeding has been invalidated." (PF&R 8-9.) Accordingly, she recommended that the presiding district judge grant the defendants' Motion to Dismiss and deny as moot their Motion for a More Definitive Statement. (PF&R 9.)

Moats filed timely Objections [Docket 21]. He asserts that the Circuit Court of Fayette County's June 3, 2009 Order vacating the disciplinary proceeding's findings of violations constitutes an invalidation of such findings, so that his § 1983 claim is now cognizable.

## II. Analysis

"The denial of an inmate's right to call witnesses . . ., constitutes, without more, a compensable constitutional due process violation." *Walker v. Bates*, 23 F.3d 652, 656 (2d Cir. 1994) (recognizing that denial of request to call witnesses at a prison disciplinary hearing implicates due process rights). Although *Heck* concerned a conviction in state court, while the instant case concerns a disciplinary proceeding, the analysis from *Heck* applies here as well. *See, e.g., Edwards v. Balisok*, 520 U.S. 641, 644 (1997) (applying *Heck* to a claim arising from prison disciplinary proceeding, noting "[t]he violations of due process alleged by respondent are similar to those alleged by the plaintiff in *Heck*"); *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (clarifying that *Heck* applies to challenges that implicate the validity of confinement or affect its duration). Thus, under

-4-

*Heck*, whether Moats's claim is cognizable turns on whether the disciplinary proceeding's findings have been invalidated.

The state court vacated the first disciplinary proceeding's findings, but four of the five charges against Moats were reinstated in his second disciplinary proceeding. These charges have not been found invalid, but instead has been upheld. Moats cannot bring a § 1983 claim for violations that have not been invalidated.[1] *Heck*, 512 U.S. 477.

Moats's charge of escape, on the other hand, was reversed by the Commissioner, and his punishment vacated. Since the resolution of this particular charge was a finding of not guilty, Moats has met the "favorable termination" requirement. *See, e.g., Kogut v. County of Nassau,* 2009 WL 503393, *6 (E.D.N.Y. 2009) (recognizing that "'[p]roceedings are "terminated in favor of the accused"'" in the context of *Heck* "'only when their final disposition is such as to indicate the accused is not guilty'" (*quoting DiBlasio v. City of New York*, 102 F.3d 654, 658 (2nd Cir. 1996)); *see also Wiley v. Wayne County Prosecuting Attorney's Office*, 2009 WL 2060092, *2 n.6 (S.D. W. Va. 2009) ("In the usual case claims would accrue following a reversal, setting aside on writ of habeas corpus or an expungement."). Moats's § 1983 claim, with respect to the charge of escape, survives the defendants' Motion to Dismiss. Moats has stated a claim upon which relief can be granted. *Cf. Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) (recognizing that "[e]ach of [the plaintiff's] claims must be assessed individually to determine whether it has yet matured" under *Heck*).

---

[1] This bar applies even though Moats focuses his challenge on procedural aspects, since "the nature of the challenge to the procedures [is] such as necessarily [will] imply the invalidity of the judgment." *Edwards*, 520 U.S. at 645-46.

### III. Conclusion

The defendants' Motion to Dismiss Complaint [Docket 13] is **GRANTED** with respect to Moats's claim arising from him being found guilty of: tampering with locks and/or doors; destruction of property; violation of state law; and theft of property valued over $100.00. The Motion is **DENIED** with respect to Moats's claim arising from him previously being found guilty of escape. The defendants' Motion for a More Definitive Statement is **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 8, 2010

Joseph R. Goodwin, Chief Judge