```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                      CHARLESTON
```

**ROBERT MOATS,**

      **Plaintiff,**

v.                                        **Case No. 2:09-cv-00963**

**BRIAN GREENWOOD and**
**DAVID BALLARD,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Defendants' Motion for Summary Judgment (docket sheet document # 29), filed on August 26, 2010. This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### STATEMENT OF UNDISPUTED FACTS AND PLAINTIFF'S CLAIM FOR RELIEF

On December 8, 2008, Plaintiff was convicted of five Class One rule violations during disciplinary proceedings before Brian Greenwood, Correctional Magistrate. The rules violations consisted of: (1) 1.01 Escape; (2) 1.10 Tampering with locks and/or doors; (3) 1.15 Destruction of property; (4) 1.18 Violation of state law; and (5) 1.21 Theft of property valued over $100.00 (Compl., # 6 at 4). Plaintiff received the following punishment for the rules

violations:

(1) Escape: 60 days punitive segregation (Dec. 1, 2008 to Jan. 30, 2009); 60 days loss of privileges and 730 days lost good time.

(2) Tampering with locks and doors: 60 days punitive segregation and 60 days loss of privileges suspended to probation for 2 years.

(3) Destruction of property: Restitution of $783.57 as his part of the damage.

(4) Violation of state law: 60 days punitive segregation (Dec. 1, 2008 to Jan. 30, 2009); 60 days loss of privileges and 730 days lost good time.

(5) Theft of property valued over $100.00: 60 days punitive segregation (Dec. 1, 2008 to Jan. 30, 2009); 60 days loss of privileges.

(See Declaration of Henry Lowery, # 36 and Attach. 8a-10). Plaintiff's "sentences" were run concurrently, with the exception of the loss of good time credit, which totaled 1,460 days. (Id.)

Prior to his disciplinary hearing, Plaintiff requested that he be able to call CO II Showalter as an alibi witness. However, during the disciplinary hearing Magistrate Greenwood did not permit CO II Showalter to be called as a witness. (# 6 at 5). Plaintiff appealed his guilty verdicts and his placement on administrative segregation to Warden David Ballard and Commissioner Jim Rubenstein, but the appeals were denied. (Id. at 6).

Plaintiff then filed a pro se habeas corpus petition in the Circuit Court of Fayette County, West Virginia, on April 21, 2009. During the habeas corpus proceedings, the State admitted that it

was unable to state that the failure to have witness Showalter called was "harmless" and that the better practice would have been to ensure that Mr. Moats received the opportunity to present his evidence. (Id.) Thus, on June 3, 2009, the Circuit Court ordered that the guilty findings against Plaintiff be vacated and remanded for a new hearing. (Id. at 7; # 36, Attach. 11).

Also on June 3, 2009, Commissioner Rubenstein issued a Memorandum dismissing the escape charge, and vacating the punishment of 60 days punitive segregation and loss of privileges and loss of 730 days of good time credit that had been imposed for that charge. By that time, however, Plaintiff had already served the 60 days of punitive segregation. (# 6 at 7). Following the Order of the Circuit Court of Fayette County on June 3, 2009, Plaintiff's 730 days of good time credit that was lost as a result of the escape charge was restored. The escape charge was not again pursued in the second disciplinary hearing.

The second disciplinary hearing took place on June 18, 2009, before a different Correctional Magistrate, John Drake. Plaintiff called Ms. Showalter as a witness, who testified that she could not remember anything in particular about where Plaintiff was on the subject date, because it was too long ago. (Id.)

Plaintiff was again found guilty of the remaining four charges, and he again appealed the guilty findings to Warden Ballard, who denied his appeal and upheld the guilty findings and

3

punishment.[1]  (Id. at 8).  Based upon his conviction of the four violations, Plaintiff received the following punishment:

(1) Tampering with locks and doors: 60 days punitive segregation and 60 days loss of privileges (Dec. 1, 2008 to Jan. 30, 2009)

(2) Destruction of property: Restitution of $587.62.

(3) Violation of state law: 60 days punitive segregation (Dec. 1, 2008 to Jan. 30, 2009); 60 days loss of privileges and 730 days lost good time.

(4) Theft of property valued over $100.00: 30 days punitive segregation (Dec. 1, 2008 to Jan. 30, 2009); 30 days loss of privileges.

(# 36, Attach. 12a-15).  Again, the sentences were run concurrently.

Plaintiff's Complaint states "once made aware of the situation, Mr. Ballard did nothing to ensure conformity with policy and regulations, and failed to correct the unlawful conduct of Mr. Greenwood."  (# 6 at 9).  Plaintiff seeks monetary damages from both defendants Greenwood and Ballard, as well as injunctive relief to have the disciplinary charges vacated, and his 730 days of good time credit restored.  Plaintiff also seeks a transfer to another institution.  (Id. at 10).

---

[1] The Complaint does not indicate whether Plaintiff then appealed to Commissioner Rubenstein, as required under the administrative remedies procedures.

**CHIEF JUDGE GOODWIN'S MEMORANDUM OPINION AND ORDER**

On June 8, 2010, the presiding District Judge entered an Memorandum Opinion and Order granting in part, and denying in part, a Motion to Dismiss Complaint or, in the alternative, for a More Definite Statement filed by the defendants. (# 23). Based upon the holdings in Heck v. Humphrey, 512 U.S. 477, 486 (1994), and Edwards v. Balisok, 520 U.S. 641, 644 (1997), the Memorandum Opinion and Order granted the Motion to Dismiss with regard to Plaintiff's claims arising out of all of the charges of which he had been found guilty, with the exception of the Escape charge, which was vacated and not again pursued.

These cases stand for the proposition that a prisoner may not challenge his incarceration through a section 1983 suit, unless his conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. "This mandate is referred to as the 'favorable termination' requirement." Wilson v. Johnson, 535 F.3d 262, 263 (4th Cir. 2008). Edwards held that Heck applies in the context of prison disciplinary proceedings and challenges that implicate the validity of confinement or effect its duration. See also Muhammad v. Close, 540 U.S. 749, 751 (2004).

5

The Memorandum Opinion and Order specifically held as follows:

> The state court vacated the first disciplinary proceeding's findings, but four of the five charges against Moats were reinstated in his second disciplinary proceeding. These charges have not been found invalid, but instead has [sic; have] been upheld. Moats cannot bring a § 1983 claim for violations that have not been invalidated. [footnote omitted].
>
> Moats's charge of escape, on the other hand, was reversed by the Commissioner, and his punishment vacated. Since the resolution of this particular charge was a finding of not guilty, Moats has met the "favorable termination" requirement. [Citation omitted].

(# 23 at 5).

Thus, the remaining issue before the court is whether the defendants are liable to Plaintiff for damages under 42 U.S.C. § 1983 because Plaintiff has alleged that he was denied due process of law when he was not allowed to present a witness at his disciplinary hearing on various charges resulting from the alleged break-in on November 29, 2008. However, under the ruling in Heck v. Humphrey, 512 U.S. 477, 486 (1994), Plaintiff's due process claim has been limited to the fact that he was previously found guilty of escape. As Chief Judge Goodwin held, Plaintiff's claims based upon his other disciplinary charges, of which he was again found guilty, and which have not been invalidated, are barred under Heck.

## **THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

On August 26, 2010, the defendants, by counsel, filed a Motion for Summary Judgment (# 29) and a Memorandum of Law in support thereof (# 30). The Memorandum of Law in support of the Defendants' Motion for Summary Judgment argues as follows:

> Based upon the Court's Order of June 8, 2010, the only claim of the Plaintiff that remains is related to the alleged violation of his due process rights specifically related only to the Escape charge. To prevail in the instant claim, the Plaintiff must demonstrate that he was harmed by the alleged due process violation. As demonstrated above, the Plaintiff lost 730 days of good time as a result of the Escape conviction. However, the 730 days of lost good time were restored prior to the filing of the instant action and more than eleven (11) years prior to [the time in which] the loss of good time could have any effect upon Plaintiff.

(# 30 at 4-5). The defendants refer the court to a substantially similar case decided by the United States District Court for the Southern District of New York, Cespedes v. Coughlin, 956 F. Supp. 454 (S.D.N.Y. 1997). As noted by the defendants, the Cespedes Court stated the facts of that case as follows:

> Here, while Cespedes was initially sentenced to a loss of one year's good time credits, those credits later were completely reinstated when his entire sentence was administratively reversed on appeal. Cespedes' claim, therefore, is not that he was deprived of good time credits without due process, and that their loss extended his overall sentence of incarceration. Instead, Cespedes' claim is that his due process rights were violated by a constitutionally flawed prison hearing that was subsequently corrected before his overall sentence was affected by the error.

Id. at 473.

The defendants argue that Plaintiff "is not complaining that his sentence was extended because of the loss of 730 days of good time related to the Escape charge. Rather, he is complaining that the 730 days of good time were taken, but ultimately returned prior to the loss of good time having any effect upon his sentence and eventual release date." (# 30 at 5). The defendants assert that the Cespedes Court further held:

> Where prison disciplinary systems err, and then act promptly before punishment can be visited upon a prisoner as a result of that error, the Second Circuit repeatedly has held that no cause of action exists for that prisoner. In Young v. Hoffman, 970 F.2d 1154 (2d Cir. 1992)(per curiam), cert. denied, 510 U.S. 837, 126 L. Ed.2d 80, 114 S. Ct. 115 (1993), for example, the Second Circuit considered an appeal from a district court's grant of summary judgment and nominal damages to a New York prison inmate who had been sentenced to 180 days' SHU confinement and a loss of six months' good time credit because he was deprived [** 59] of his right to call witnesses at his Tier III disciplinary hearing. 97- F.2d at 1155. The prisoner's sentence, however, had been administratively reversed based on his inability to present witnesses at his hearing. Id. The Second Circuit reversed the district court's ruling in favor of the prisoner, holding that the prisoner had "suffered no interference with a liberty interest and had no valid claim for relief" because "the penalty and recommended loss of good time were vacated and the record of the hearing [was] expunged. [The prisoner] never served a day of the penalty." Id. Id. at 473.

(Id. at 5-6).

The defendants contend that Plaintiff similarly "never served a day of the penalty related to the initial conviction of the Escape charge. The sentence to Punitive Segregation and loss of privileges were served concurrently with his conviction on the

8

other charges. The loss of good time never penalized [Plaintiff] because the good time was restored more than ten (10) years before [Plaintiff's] minimum discharge date." (Id. at 6). The defendants further assert:

> With regard to the instant action, [Plaintiff] was convicted of all charges brought against him at the June 18, 2009 hearing. Following his conviction of June 18, 2009, [Plaintiff] received substantially the same sentence he received following the December 8, 2008 hearing. The only material difference in the two sentences is that following the December 8, 2008 hearing, [Plaintiff] lost 1,460 days of good time and following the June 18, 2009 hearing[,] [Plaintiff] lost 730 days of good time. Prior to the filing of the instant action, [Plaintiff] had been restored the 730 days of good time lost on December 8, 2008. Because [Plaintiff] has a minimum discharge date of February 2021, the lost good time had no effect on his release date and was restored more than eleven (11) years before it could have affected his ultimate release date.
>
> Therefore, it is proper for this Court to enter an Order granting Summary Judgment in favor of the Defendants and against the Plaintiff with all claims remaining in the above captioned matter.

(Id. at 6-7).

Despite being provided with a notice, pursuant to the holding of Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that he had the right and an obligation to file a response to the defendants' motion, submitting affidavits or statements subject to the penalties of perjury, exhibits, or other legal or factual material supporting his position in the case (# 25), Plaintiff did not file a response to the defendants' Motion for Summary Judgment. Therefore, the undersigned takes the facts, as set forth by the defendants to be undisputed.

9

**ANALYSIS**

The 730 days of good time credit lost as a result of Plaintiff's conviction on the Escape charge was restored when that conviction was overturned, and that charge was not again pursued. The loss of good time credit that was imposed as a result of that specific charge was restored before it had any effect on Plaintiff's discharge date. Therefore, he suffered no prejudice from the alleged violation of his due process rights when he was convicted of the Escape charge, even though he was unable to call Ms. Showalter as a witness. To the extent that Plaintiff is still arguing that his due process rights were violated by the imposition of any other sanctions in his disciplinary hearings because he was unable to call Ms. Showalter as a witness, as previously found by the presiding District Judge, Plaintiff is barred from pursuing relief concerning the other charges and sanctions under Heck v. Humphrey[2].

Therefore, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has not demonstrated a violation of his due process rights based upon his conviction on the escape charge, as pled in his Complaint, and that the defendants are entitled to judgment as a matter of law on Plaintiff's claims against them.

---

[2] Thus, Plaintiff's loss of another 730 days of good time credit related to his other charges is barred from consideration.

10

**RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motion for Summary Judgment (# 29) and dismiss this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.

11

1984). Copies of such objections shall be served on opposing parties and Chief Judge Goodwin.

    The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

    January 3, 2011
        Date

Mary E. Stanley
United States Magistrate Judge