IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ROBERT MOATS,

        Plaintiff,

v.                                  CIVIL ACTION NO.  2:09-cv-00963

MOUNT OLIVE CORRECTIONAL COMPLEX
EMPLOYEES,

        Defendant.

**ORDER**

This case was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition of the defendants' Motion for Summary Judgment [Docket 29]. Judge Stanley issued her Proposed Findings & Recommendation ("PF&R") [Docket 37] on January 3, 2011, ultimately recommending that the court grant summary judgment in the defendants' favor and dismiss the case. The plaintiff, a prisoner at Mount Olive Correctional Complex ("MOCC"), did not file objections to the PF&R, and the court granted the motion and dismissed the case on January 24, 2011. However, the case was later reopened when it was discovered that the plaintiff had not received a copy of the PF&R [Docket 41], and the plaintiff was given the opportunity to file his Objections [Docket 43]. A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

1

For the reasons stated below, the court accepts and incorporates herein the findings and recommendation of the Magistrate Judge and orders judgment consistent with the findings and recommendation. The court **GRANTS** the defendants' Motion for Summary Judgment [Docket 29] and **ORDERS** that this case be dismissed with prejudice and removed from the active docket.

## I.    *Background*

The facts of this case have been fully set forth in the PF&R [Docket 37], at 1-6. The plaintiff in this case is a prisoner who alleges that his due process rights were violated by a wrongful conviction and punishment relating to alleged rules violations while incarcerated. The plaintiff was convicted on December 8, 2008, of five prison rule violations by Brian Greenwood, Correctional Magistrate. One of those convictions was for Escape, a Class One Rule Violation, for which the plaintiff received a punishment of 60 days punitive segregation, 60 days loss of privileges, and 730 days lost good time. The 60 days of punitive segregation and loss of privileges were to be served concurrently with identical sentences from two other Class One Rule Violations—Tampering with Locks and/or Doors, and Violation of State Law. However, the 730 days of lost good time was to be served consecutive to another sentence of 730 days of lost good time. Therefore, the only effect that the Escape conviction had on the plaintiff's punishment was the additional 730 days of lost good time.

The Circuit Court of Fayette County vacated and remanded the convictions for rehearing on the ground that the plaintiff was not permitted to call an alibi witness. The plaintiff served the 60 days of punitive segregation and loss of privileges before the state court ruled on his habeas corpus petition, but the 730 days of lost good time had never kicked in before the sentence was vacated. Commissioner Rubenstein dropped the Escape charge, and upon rehearing on June 18,

2009, the plaintiff was convicted once again of the other four charges. He received the same punishment for the other four violations that he originally received. Thus, the *only* difference between the punishments that were given to the plaintiff originally and upon rehearing is that he no longer lost the additional 730 days of good time because the Escape charge was dropped.

The plaintiff brought the instant suit seeking monetary damages and injunctive relief under 42 U.S.C. § 1983 on the ground that he was denied due process when he was not allowed to present the alibi witness at his original disciplinary hearing. However, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) clearly states that a prisoner may not challenge his incarceration through a section 1983 suit unless his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 487. This court ruled that the plaintiff only received such "favorable termination" on the conviction for Escape. *Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). Therefore, the "[p]laintiff's due process claim has been limited to the fact that he was previously found guilty of escape." PF&R [Docket 37], at 6. "Plaintiff's claims based upon his other disciplinary charges, of which he was again found guilty, and which have not been invalidated, are barred under *Heck*." *Id*.

## II.    PF&R

The Magistrate Judge's analysis went as follows:

> The 730 days of good time credit lost as a result of Plaintiff's conviction on the Escape charge was restored when that conviction was overturned, and that charge was not again pursued. The loss of good time credit that was imposed as a result of that specific charge was restored before it had any effect on Plaintiff's discharge date. Therefore, he suffered no prejudice from the alleged violation of his due process rights when he was convicted of the Escape charge, even though he was unable to call Ms. Showalter as a witness. To the extent that Plaintiff is still arguing that his due process rights were violated by the imposition of any other sanctions in his disciplinary hearings because he was unable to call Ms. Showalter as a witness, as previously found by the presiding District Judge,

3

> Plaintiff is barred from pursuing relief concerning the other charges and sanctions under Heck v. Humphrey.
>
> Therefore, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has not demonstrated a violation of his due process rights based upon his conviction on the escape charge, as pled in his Complaint, and that the defendants are entitled to judgment as a matter of law on Plaintiff's claims against them.

PF&R [Docket 37], at 10 (footnote omitted). I agree with the Magistrate Judge—the plaintiff suffered no damage from any possible due process violation related to his Escape conviction.

### III. Objections

The plaintiff first objects that Department of Corrections policy only allows a maximum cumulative segregation sentence of 60 days, and the Escape charge was the most severe, so he necessarily served the segregation sentence given for his Escape charge before the conviction was vacated. There is no logic in this argument—the plaintiff had to serve the exact same sentence due to two other Class One Rule Violations, and the "favorable termination" of his Escape conviction changed nothing about that inevitability. As the plaintiff argues, he could only be forced to serve 60 days of punitive segregation, so as long as he was ultimately punished with at least one sentence of 60 days of segregation, it is immaterial which of the three original segregation sentences was "actually" served. This is supported by Paragraph 9 of Warden David Ballard's Sworn Affidavit [Docket 44, at 7].

The plaintiff also objects because he later served administrative segregation, and argues that the administrative segregation was imposed "mostly" because of his Escape charge, which had already been vacated. The plaintiff does not provide any facts outside of his own assertion that the segregation was based on his overturned Escape conviction. On the other hand, the defendants have provided a sworn affidavit from Warden David Ballard stating that the conditions of plaintiff's confinement in administrative segregation and his progress in the

Quality of Life Program would not have differed whether his punitive segregation had been served for the Escape charge, or whether it had been served for one of the two other Class One Rule Violations. [Docket 44, at paragraphs 10-11, p. 8]. Although the defendant Ballard clearly has an interest in testifying that the plaintiff's Escape charge had no bearing on his administrative segregation, Ballard's affidavit was based on first-hand knowledge of the plaintiff's disciplinary history. I find no merit in this objection.

Finally, the plaintiff argues that the reversal of a district court case cited heavily by the defendants entitles the plaintiff to relief. The Magistrate Judge examined the defendants' argument that *Cespedes v. Coughlin*, 956 F. Supp. 454 (S.D.N.Y. 1997) ("*Cespedes I*"), is analogous to the instant case and is helpful to their position. But the Magistrate Judge did not find that *Cespedes I* actually *is* analogous to this case, and did not base any of her recommendation or reach any conclusion based upon an analogy to that case. Furthermore, in *Cespedes v. Coughlin*, 969 F. Supp. 254 (S.D.N.Y. 1997) ("*Cespedes II*"), the opinion reversing *Cespedes I*, the district court merely reversed its proclamation that discipline in segregated confinement could *never* be the basis for a Section 1983 violation. *Cespedes II* did not, of course, say that segregated confinement followed by an overturned conviction automatically entitles a plaintiff to damages under Section 1983. In fact, *Miller v. Selsky*, 111 F.3d 7 (2d Cir. 1997), one of the cases that was the basis for reversal in *Cespedes II*, instructs district courts to "examine the circumstances of [the] confinement to determine whether that confinement affected a liberty interest." *Selsky*, 111 F.3d at 9. After examining the record, the PF&R, and the plaintiff's objections, I **FIND** that the defendant was not affected by any possible violation of his due process rights regarding the overturned Escape conviction. Nothing in the plaintiff's objections convinces me that the Magistrate Judge erred in concluding that the plaintiff's good time credit

"was restored before it had any effect on Plaintiff's discharge date," and that he therefore "suffered no prejudice from the alleged violation of his due process rights when he was convicted of the Escape charge." PF&R [Docket 37], at 10. Thus, I agree that there is no genuine issue of material fact that the defendants cannot be liable for violations of 42 U.S.C. § 1983, and I **ADOPT** and **INCORPORATE** the findings of the Magistrate Judge. I **GRANT** the defendants' Motion for Summary Judgment. The case is **DISMISSED** with prejudice. Finally, I **ORDER** that judgment be entered in favor of the defendants consistent with this ruling, and that this case be removed from the active docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:     May 21, 2013

                _____
                JOSEPH R. GOODWIN
                UNITED STATES DISTRICT JUDGE